UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| ALEX CORDERO, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 11-10098-JLT |
| | ) | |
| THOMAS DICKHAUT, ET AL., | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

MEMORANDUM AND ORDER

TAURO, D.J.

For the reasons set forth herein: (1) Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>ALLOWED</u> and the filing fee is assessed pursuant to 28 U.S.C. § 1915(b); (2) Plaintiff's Motion for Appointment of Counsel (Docket No. 3) is <u>DENIED</u> without prejudice; (3) the Clerk shall issue summonses; and (4) the United States Marshal Service shall effect service on the Defendants as directed by the Plaintiff.

BACKGROUND

On January 13, 2011, Plaintiff Alex Cordero ("Cordero"), a prisoner at the Souza Baranowski Correctional Center ("SBCC") filed a self prepared civil rights Complaint under 42 U.S.C. § 1983 against SBCC Superintendent Thomas Dickhaut, SBCC Deputy Superintendent Osvaldo Vidal, and Anthony Mendonsa, SBCC Deputy Superintendent of Classification.[1] Cordero alleges that these Defendants failed to protect him by placing him in a double-bunked cell in segregation with an inmate (Mr. Joonel Garcia), who warned the Defendants that he would harm any cellmate placed in the cell with him. Cordero alleges that Mr. Garcia was known to be "crazy, and that he just came from Bridgewater Hospital because he had just lost his

---

[1] The caption of the Complaint lists these Defendants along with the notation "et al." however no additional parties have been named in the body of the Complaint.

brother in the street, and he [Joonel Garcia] told the administration that he did not want anymore cellmates because he is hearing voices and the voices are telling him to kill somebody...." Compl. at 3-4. Cordero further alleges that (at some unspecified time in 2010), while he was sleeping, Mr. Garcia pulled him down off the top bunk onto the floor and then assaulted and battered him, causing him to lose consciousness and suffer neck and back pain, bruises on his face and body, and emotional distress. He seeks monetary damages.

Along with the Complaint, Cordero filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2), and a Motion for Appointment of Counsel (Docket No. 3).

DISCUSSION

I. The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Cordero's financial disclosures, the Court finds that he lacks sufficient funds to pay the $350.00 filing fee for this action. Accordingly, his Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is ALLOWED. However, because Cordero is a prisoner, he is obligated to make payments toward the filing fee pursuant to 28 U.S.C. § 1915(b).

In light of this, it is hereby Ordered that:

1. Plaintiff Cordero is assessed an initial partial filing fee of $ 4.17 pursuant to 28 U.S.C. § 1915(b)(1)(A);[2]

2. The remainder of the fee, $ 345.83, is to be assessed and collected in accordance

---

[2]The initial partial assessment of the filing fee is based on the prison account statement submitted by Cordero, taking 20% of the average monthly deposits for the roughly six-month period preceding the filing of the Complaint. This assessment is made without prejudice to Cordero seeking reconsideration provided he submit an alternative figure calculated in accordance with the formula set forth in 28 U.S.C. § 1915(b). Further, the initial partial assessment is made notwithstanding that collection of the assessed fee may be problematic since Cordero does not appear to have sufficient funds in his prison account. Nevertheless, the *in forma pauperis* statute provides for assessment, with collection to be made "when funds exist." 28 U.S.C. § 1915(b)(1).

with 28 U.S.C. § 1915(b)(2).

II.     The Motion for Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).[3] However, a civil plaintiff lacks a constitutional right to free counsel. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. Id. To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the Court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. Id. at 24.

At this juncture, the Court does not find this matter presents complex or novel issues of law. While Cordero asserts that he has a meritorious claim and has no knowledge of the law in order to litigate his claims, this alone does not present a unique circumstance in prisoner litigation. It appears that Cordero is proficient in the English language and has at least some familiarity with legal terms and concepts, and legal proceedings. Finally, without the benefit of a response from the Defendants, the Court cannot gauge adequately the propriety of appointing *pro bono* counsel.

Accordingly, Cordero's Motion for Appointment of Counsel (Docket No. 3) is DENIED

---

[3]In this District, there is no Plan authorizing the payment for counsel appointed for civil litigants such as the plaintiff. Any appointment of counsel would therefore be contingent upon the availability of *pro bono* counsel to accept voluntarily an appointment. *Cf.* 18 U.S.C. § 3006A (providing for appointment of counsel in habeas petitions under 28 U.S.C. § 2241, § 2254 and motions under § 2255 and payment under the Criminal Justice Act).

without prejudice to renew after the Defendants have filed an Answer or other responsive pleading, upon a motion with good cause shown for appointment in light of the Defendants' pleadings.

III.     The Complaint is Subject to Screening

Because Cordero is a prisoner, his Complaint is subject to the provisions of the Prison Litigation Reform Act. The Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996), enacted several provisions which grant this Court the authority to screen and dismiss prisoner complaints. See 28 U.S.C. § 1915 (proceedings *in forma pauperis*);[4] 28 U.S.C. § 1915A (screening of suits against governmental officers and entities).[5]

In reviewing this action, the Court liberally construes Cordero's Complaint because he is proceeding *pro se.* See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

---

[4]Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2). *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

[5]Section 1915A authorizes courts to review prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A.

At this time, the Court will permit this action to proceed and will authorize summonses to issue, because Cordero has alleged he suffered an actual injury as a result of the Defendants' actions, and that the Defendants had knowledge of the danger to him should he be placed in a cell with Mr. Garcia.[6] The issues raised in this Complaint may be fleshed out by the parties at a later time.

IV.     Issuance of Summonses and Service of Process

As noted above, this Court will permit this action to proceed at this time, and will direct the issuance of summonses by the Clerk. Because Cordero is proceeding *in forma pauperis*, this Court will also direct the United States Marshal service to effect service as directed by Cordero, and to advance the costs of service.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is ALLOWED and the filing fee is assessed pursuant to 28 U.S.C. § 1915(b);

2. Plaintiff's Motion to Appoint Counsel (Docket No. 3) is DENIED without prejudice to renew after the Defendants have filed a responsive pleading;

3. The Clerk shall issue summonses as to each Defendant; and

4. The Clerk shall send the summons(es), Complaint, and this Order to the Plaintiff, who must thereafter serve the Defendant(s) in accordance with Federal Rule of Civil Procedure 4(m). The Plaintiff may elect to have service made by the United States

---

[6] See Cote v. Murphy, 152 Fed. Appx. 6, *7 (1st Cir. 2005) (unpublished decision holding that while double-bunking of sex offenders "is not a per se violation of due process," citing Bell v. Wolfish, 441 U.S. 520, 541-43 (1979, "in rare cases [it] might amount to an unlawful practice when combined with other adverse conditions"). See also Rector v. Department of Corrections, 387 Fed. Appx. 5, 5-6 (1st Cir. 2010) (upholding decision in Cote and affirming district court's dismissal of civil committee's suit because he had not alleged that he had been harmed or was in danger of being harmed because of double-bunking).

5

Marshal Service. If directed by the Plaintiff to do so, the United States Marshal shall serve the summons(es), Complaint, and this Order upon the Defendant(s), in the manner directed by the Plaintiff, with all costs of service to be advanced by the United States Marshal Service. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the Plaintiff shall have 120 days from the date of this Order to complete service.

SO ORDERED.

                                                /s/ Joseph L. Tauro
                                                JOSEPH L. TAURO
                                                UNITED STATES DISTRICT JUDGE

DATED: January 19, 2011